The next case is United States v. Salazar. Good morning. May it please the court, Sarah Baumgartel of the Federal Defenders on behalf of Miguel Salazar. Appellant Miguel Salazar pled guilty to possessing a limited number of images of child pornography between the ages of 19 and 20 years old. As part of his sentence, in addition to prison time, the court imposed five years of supervised release with numerous burdensome special conditions, including an overbroad electronic monitoring and search condition and an unnecessary prohibition on viewing legal adult pornography. We're asking the court to vacate these two special conditions. Both of the conditions implicate Mr. Salazar's fundamental First Amendment and Fourth Amendment rights. And in this context, in order for the conditions to be reasonable, they have to be narrowly tailored to serve a compelling governmental interest. These conditions are not. And so just with respect to the monitoring condition, in United States v. Lipschitz, this court emphasized what would make such a monitoring condition compliant with the Fourth Amendment for individuals on supervised release. And the court talked about how it shouldn't be a dragnet approach. And then following that decision, this court has precedents where it's approved electronic monitoring conditions. And a unifying theme seems to be that probation is alerted when there is impermissible, suspicious activity or evidence of contraband. And there is... I had a little trouble understanding the condition. And I'm looking at the judgment, Appendix 144. But did this apply to all Internet-capable devices that he would have, meaning a computer and a cell phone? Yes. Potentially a smart TV? Yes. It's my understanding that it does. But I was a little confused as to whether he could only have one device or whether this would apply to all devices. There's a little lack of clarity. So your order raises a good point that the court recently addressed in, I believe, United States v. Koontz. And this may be an issue that if the court were to vacate and remand to the district court, there could be some clarification. In the court's oral order, the court said that Mr. Salazar may be limited to one such device. And then in this written decision, he is explicitly limited to one such device. And so it's my understanding, reading the judgment as a whole, he's only permitted to have one device. And does that mean he can't have both a TV and a computer and a phone? Yes. Or does device mean handheld devices? It's not clear to me. Your Honor, I believe it means he can't have a smart television and a phone and a computer. And so that aspect of the condition is also problematic. I think the court made it very clear in Koontz, which was decided last month, and perhaps I should have sent a 28-G letter, but we hadn't raised that as part as one of the problems with this condition. But you mean a smart television. He can have a television. He just can't. He can have only one, as I read this, he's entitled to one device that has Internet capability. He's not limited to having a television that's not a smart television, correct? Correct, yes. In a computer, that's a little tougher to have without Internet capability. But he could presumably have a computer without Internet capability and then just have an iPhone or a phone with Internet capability. Yes. And obviously our focus has been on the search and monitoring aspect of the conditions as well as the pornography prohibition. And you were just about to talk about what we've done in the past, and you were referencing situations. Correct me if I'm referring to different cases than the ones you were referring to, but maybe where a third party is doing the monitoring and then informs probation we've seen evidence of contraband or things that shouldn't be on the computer. And in that situation, does the third party have unlimited access to the device, or is that third party also restricted in how they conduct searches? So I believe that the way the conditions are written is just that the monitoring is conducted by a third party without further limitation on what the third party can access. And I think part of the reason for that is obviously that the Fourth Amendment is directed against governmental intrusions on privacy, and so that may be why that's been the specific concern. But there is still, and part of this is how the monitoring happens. It is typically by a software program that is reviewing for search terms or keystroke file names or even hash values of files that are on the computer. And so it is typically a computerized process. But what's notable about this condition and part of why we're objecting is that it essentially does say that the probation officer has the ability to manually review, if they choose to, all of the data on Mr. Salazar's electronic device. And that's what makes it overbroad. Another part of that is that, to the extent possible, to avoid reviewing material that is obviously privileged, private, or non-contraband. That's another clause that this court has at sentencing, the defendant only opposed the geolocation capability of having an internet device, correct? The scope of the review. Your Honor, I understand the government's raised that point. I mean, we objected to this special condition, but yes, immediately focused on the geolocation. And so my argument is, first, I would say that I think that was sufficient to preserve our objection. But even if the court finds that it was not, this would be a situation where the court would apply relaxed plain error to the review of that. There was no dispute that there was no advance notice of these conditions. And obviously, it would be a limited remand. How did that happen? It was just... Your Honor, this is the practice in the Eastern District that I was a little surprised to learn, is that the probation officer does not always disclose the recommended conditions are sentenced to the defense counsel. They need to seek the permission of the district judge individually to do it. Some judges approve it, and some judges do not. In this case, it came out at the sentencing hearing that the probation officer had essentially forgotten to ask the district judge for permission. And the probation officer apologized. Yes. Yeah. But there are some Eastern District... So, in other words, defense counsel had no notice until the judge started reading it? Or was it handed out at the... It was not handed out at the beginning of the sentence. And you can see in the sentencing transcript, the judge is reading these fairly dense conditions, and counsel has a hard time following some of what's being read. And so then, the court handed out a written copy. But I think that's why... My colleague who was doing the sentencing said that she would be happy to write in advance, but that's not the practice of every court, to give advance notice. Just to move on briefly to the adult pornography condition, our argument there is simply that this restrictive condition is not supported based on the unique circumstances of this case. What about the fact that the court said, by your client's own admission, that he had very little self-control, and that he engaged in this conduct because he was surfing the net for other things, adult pornography, or drugs, if you will, and that it was a combination of his addiction, that he had very little self-control. He blamed his own sort of addiction and use of the internet to drag him into this conduct of possessing child pornography. Wasn't that enough for the court to give as an explanation of why it would limit his access to adult pornography? It was not enough because there was absolutely no connection to adult pornography. Mr. Salazar readily admitted that he had a substance abuse issue. He had been drinking since the age of 13 and was in drug treatment at the time of his sentencing, and he admitted that his drug use led to impaired judgment that then led to looking at child pornography. But what's missing is any connection whatsoever to adult pornography. Is it necessary to have that connection, though? I mean, there is a nexus. Maybe it's not enough of a nexus, but if someone is saying, I'm impaired, I lack self-control, I didn't go looking for child pornography, but I'm on the internet looking for drugs, and I'm drawn into child pornography, you might be concerned that someone with those impairments who is on the internet looking at adult pornography could easily click on something and end up in a child pornography site. I mean, that happens to people. So just sort of two separate responses. One is in United States v. Eaglin, the court described that there needs to be a realistic danger, and what we'd say is that on this record, it's just too speculative, where he has no history of even looking at adult pornography and child pornography. It's simply too speculative to say that. But the other part of it is that we use the term pornography as a shorthand, but in fact there's a statutory definition there, because otherwise it would be vague, and the statutory definition is quite broad and includes lots of mainstream materials that he's then prohibited from viewing as a result of this condition. And so we don't want this to become a trap for him, where he views a material that might be mainstream material and then suddenly has violated his conditions. Can I just ask one more question about the computer monitoring? Yeah. I mean, we struggle with writing opinions that give appropriate guidance, not understanding the technology perfectly in all circumstances, but do you have a view on what an appropriate monitoring relationship or relation would be in this case? I do think that there's language from this court's prior cases where it's probation is alerted only when there's impermissible, suspicious activity or contraband, and the review is designed to avoid as much as possible reading privileged, private, or lawful material. I think those are two clauses that the court has approved in other cases that would provide sufficient guidance. Thank you. May it please the court. My name is Emily Dean. I'm an assistant United States attorney in the Eastern District, and I represented the government in the district court. The district court did not err when it imposed the two challenge special conditions. They're both procedurally and substantive. Can he have more than one device that's internet capable under the condition? No, Your Honor. I understand it the same as the appellant that this written judgment imposed only one internet capable device. So he can't have a computer and a smartphone? That's correct. He could choose a computer. Is that reasonable in this day and age? Well, Your Honor, in light of this court's ruling in Coons, that condition could be stricken. However, this court need not reach that as it was not challenged. And I would go a step further to say it is reasonable as while a smartphone and a laptop are commonplace in modern society, people on their own without being subject to supervised release or discondition don't always choose to have a smartphone. And when you are under supervised release, you do lose certain abilities to have all the things you might otherwise want to have and do all the things you might otherwise want to do. What is the rationale or what is in the record to show that he should be limited to one device? Your Honor, the rationale... One internet capable device. It goes directly to the crimes that he committed, Your Honor, which is that this particular appellant used five different internet capable devices to commit his crimes. Not just a laptop, not just a smartphone, but four phones and a laptop. So that which is in the record goes directly to that condition. But Your Honor, I think this court need not reach that because it wasn't challenged. And also, if this court were to reach it in light of Coons... Well, you say it wasn't challenged, but even when I read this in front of me, I have to read it several times to try to figure out what it means. And if counsel is standing there and this is being presented to her orally for the first time, that doesn't seem to be reasonable notice. I mean, how do you expect counsel to really digest it and respond properly in those circumstances? It's not clearly written. It's very dense. And I read the sentencing transcript and it's dense. Yes, Your Honor, and it was a long sentencing, approximately three hours long. And may I clarify something that came up in argument a moment ago? It was not the duty of the probation officer, nor did the probation officer, apologize for not requesting the condition, not providing to the court, not requesting of the court to provide the conditions. It was actually colloquy between the court and the defense counsel in this case, where the defense counsel did not request the conditions in advance. And the court made it clear. Is that the practice in the Eastern District, that defense counsel has to ask for the special conditions in advance of sentencing? That varies judge to judge, but it is commonplace, Your Honor. It is commonplace. And the court made it clear she would not have stood in the way of getting those conditions in advance. And the defense counsel apologized for not requesting them in advance. Now, what happened on the record is, on page 64 of the record, those conditions were handed over to the But how do you know? Do you have to anticipate that the court is going to impose some owner's special conditions, and therefore you ask for them in advance? I mean, do you assume that there will be conditions coming and you should ask? It seems like an unusual procedure system. Well, that's best practice, Your Honor, but there's no issue here, because the conditions were provided during the sentencing hearing, and then counsel was permitted time to go through the conditions. In fact, there was colloquy and great detail about numerous conditions, discussions about modifications which the court granted, and toward the end of the sentencing hearing, the court even asked counsel if she So this condition also allows probation to see all the data on his device, one device. Whatever that device is, probation can see all the data on it, where he goes, the geolocation, all his text messages, all his e-mails. Yes, Your Honor. And that's reasonable? Yes, Your Honor. That's in line with this court's decision in both Sevastio and in Browder. And in fact, this court in Browder So what is the individualized assessment in this case that would support that for a 19-year-old who was playing around on the Internet? Well, respectfully, Your Honor, what Mr. Salazar was doing on the Internet was deeply beyond playing around. He told two different versions of how he started his foray into possessing and ultimately uploading child pornography. He discussed doing it from Reddit, a popular website, and also doing it on the dark web. And he used multiple different devices to do it. And this court has actually said specifically, Your Honor, was on the panel on the decision in Bolin. And in Bolin, while that provision was more narrowly tailored, the court points out that with child-related sex offenses, access to even private communications of the defendants was necessary to ensure If we upheld a provision that limits a defendant to one device and that permits probation to review all the data that can be extracted from the device? Specifically in Bolin, there was a more narrowly tailored SIP provision with regard What I'm asking is have we ever upheld such a condition? Yes, Your Honor. In Sevastio in 2019, where Chief Judge Livingston was on the panel for that case, this court upheld almost an identical provision to this provision. I don't know if it was just limited to one device, Your Honor. I'm sorry, I can't answer you. But there was no discernible difference in the Sevastio provision and the condition here. And there were even more limitations in Sevastio. A limitation on daily Internet use, a ban on certain sites, chat rooms, Internet activities. And all is deemed appropriate. Didn't we say in Lipschitz that Internet monitoring conditions have to be narrowly tailored to protect privacy interests? That's right, Your Honor. So what are the findings here about why this condition in this case is narrowly tailored? Your Honor, it's that this condition is narrowly tailored. So let me just back up one moment. There are conditions this court has upheld that are more narrowly tailored, certainly. But this condition is still appropriately tailored because it is no different than conditions than this court has upheld in Browder and in Sevastio. And specifically, there was no record made, argument made, or any evidence put forth by the appellant that probation's system of monitoring has changed in any way since Browder, Sevastio, and other cases where probation ultimately uses a third-party monitoring. I guess my difficulty is that something could be narrowly tailored in one case but not in another case, depending upon the defendant and the circumstances of the crime. And this came up, you know, the defense counsel had very little notice of this condition. And there's not a lot of discussion about it. So it raises to my mind, don't we need to ask the district court to explain itself and to make some findings about why this is an appropriate condition in this case? Or is it just so apparent from the record that it is? Your Honor, it is the government's position. It is self-evident in the record in light of the district court's going through all of the different actions taken by the defendant using the Internet, using multiple devices, using multiple Internet sources by his own admission to commit his crimes. It is so self-evident that, of course, if he's permitted to use the Internet, which he must be under the case under Eaglin and Sofsky, he must be permitted some use of the Internet. But there has to be some curtailing of that where probation can monitor that. In terms of notice of the condition, you were earlier, I think, alluding to, and I read the colloquy between the court and defense counsel where the court said, hey, you never asked, and if I had been asked, you would have been given a copy of it. So that's on you, not on the court. You were saying the court gave counsel time to review those conditions. Did the court offer a break, or if you know? There was not a break until the court took a break kind of later toward the end. Most of the time that the conditions were being reviewed, we were live on the record. The sentencing hearing, again, was approximately three hours, and I note that toward the end of the hearing, the court actually asked counsel if they had time and they understood all of the conditions either on the face of the condition itself or as the court had explained them, and counsel said yes. And at that point, counsel certainly could have said no, asked for more time, asked for a break. But a lot of time, in fact, hours, were spent live on the record as counsel and the judge went over these conditions and as the judge made nuanced modifications and even struck certain conditions. So they were digested and time was spent. And one of those modifications I'll just briefly touch, as I see I'm running out of time, on the issue of the adult pornography, not only was there an individualized assessment of this defendant, but one of those modifications was a very nuanced modification taking into the account that Mr. Salazar had addiction and mental health treatment needs, and the court said you can come back with a mental health practitioner's evaluation and I may strike this and modify this entirely if a mental health practitioner deems it necessary. I see my time is up. Thank you. Thank you. Just a few responses. I think the relevant issue about notice is that under this court's precedence, if there's no advance notice of the condition, the court will apply relaxed plain error. Although I will just note, and it's at A124 to 25, is the portion of the sentencing transcript where the probation officer said that she had not sought the court's permission to release the conditions and apologized for that. I would like to put in a plug for the Southern District practice of just generally including the conditions in the addendum to the pre-sentence report because it's helpful. The government talked about Browder and Boleyn. Those cases are discussed at length in our reply brief, but in Browder, for example, the condition that the court approved was much more circumscribed. The court said that importantly, quote, a third-party monitoring organization conducts the monitoring and would only notify probation when it detects contraband and would not convey other data that was on the defendant's electronic device. Boleyn was similarly limited. And so I think that in this court's published opinions, it has approved more limited search conditions. You know, with respect to some of the other arguments, I think the other part of the individualized assessment here is we're always looking at the severity of the individual's offense and their personal history and characteristics. And while every child pornography possession offense is serious, there's also a spectrum. And there are individuals who have engaged in chatting, online, hands-on conduct, things that are much more serious than what this individual, Mr. Salazar, did. And I think that's really what defense counsel was trying to convey and what we're trying to convey with highlighting just the lack of necessity for some of these. If your client had chosen to, I suppose he could either choose between, say, an iPhone or a computer that's got Internet access, correct? Yes, if there's one device. But he's free to choose whatever device he wants under the current conditions? Yes. Would he be allowed to access a computer as long as he doesn't possess, say, at a library?  If he needed to fill out a job application or go online to get a job. Most people have to apply for jobs online, and one of the standard conditions of probation is to get a job, presumably. Yes, Your Honor. How would he do that if he chose an iPhone? I guess you could fill out an application on an iPhone. Yes, you can do everything on an iPhone, I guess. But I think that he's not allowed to access unauthorized computers, and so I think he's limited to one device, and that's the only device he's supposed to be using. So he couldn't go to a place where it's an institutional device that's monitored, presumably, for? I'd have to go back through the conditions, but my expectation is no, unless he had prior approval of the probation office. But I don't think they would approve something that was, for example, at a public library. I'm reading the languages to which he has access. Right. That suggests that anything that he can access- Must be monitored. Would be monitored. I think that's correct. And I just, you know, to the extent that the court is considering vacating and remanding, I would ask that it be a remand for consideration of the condition in its entirety, and not simply, say, a Jacobson remand for additional reasons, so that we could discuss some of these issues with the district court. Thank you. Thank you both, and we'll take the matter under advisement.